UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x  DKT#: 1:12-CV-1300(GLS/TWD)
ALISON GROSKI and BRIAN GROSKI,

Plaintiffs,

- against -

THE CITY OF ALBANY, POLICE OFFICER K.
MEEHAN, POLICE OFFICER W. PIERCE,
SGT. E. DONOHUE, and POLICE OFFICER
"JOHN DOE" # 1-5, individually and in their official
capacities (the name John Doe being fictitious as the
true names are presently unknown),

Defendants.

----------------------------------------------------------------------x

**COMPLAINT**

**JURY TRIAL DEMANDED**

**VIA ECF**

Plaintiffs, ALISON GROSKI and BRIAN GROSKI by their attorneys, TREYVUS &

KONOSKI, P.C., complaining of the defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

1.  Plaintiff brings this action for compensatory damages, punitive damages and

attorney's fees pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1985, and 42 U.S.C. § 1988 for

violations of his civil rights, as said rights are secured by said statutes and the Constitutions of

the State of New York and the United States.

## JURISDICTION

2.  This action is brought pursuant to 42 U.S.C. § 1983,  42 U.S.C. § 1985, and 42

U.S.C. § 1988, and the First, Fourth, Fifth, Eight and Fourteenth Amendments to the United

States Constitution.

3.  Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4.   Venue is properly laid in the Northern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.   Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6.   Plaintiff, ALISON GROSKI, is a citizen of the United States and at all relevant times a resident of the City of Cohoes and State of New York.

7.   Plaintiff, BRIAN GROSKI, is a citizen of the United States and at all relevant times a resident of the City of Cohoes and State of New York.

8.   THE CITY OF ALBANY, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

9.   THE CITY OF ALBANY, maintains the City of Albany Police Department, a duly organized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, THE CITY OF ALBANY.

10.  That at all times hereinafter mentioned, the individually named defendants, POLICE OFFICER K. MEEHAN, POLICE OFFICER W. PIERCE, SGT. E. DONOHUE, and POLICE OFFICER "JOHN DOE" # 1-5 were duly sworn police officers of THE CITY OF ALBANY and the City of Albany Police Department and were acting under the supervision of said department and according to their official duties.

11. That at all times hereinafter mentioned, the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York or THE CITY OF ALBANY.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by THE CITY OF ALBANY.

13. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by THE CITY OF ALBANY.

## FACTS

14. On March 13, 2011, at approximately 1:39 a.m., Plaintiffs ALISON GROSKI and BRIAN GROSKI were at a pizza place known as "Pizza 54" in THE CITY OF ALBANY.

15. When the Plaintiff's exited the place three (3) men followed Plaintiff, BRIAN GROSKI, out of the restaurant and began a verbal altercation with him.

16. The Defendant Police Officers, including POLICE OFFICER K. MEEHAN, POLICE OFFICER W. PIERCE, SGT. E. DONOHUE, and POLICE OFFICER "JOHN DOE" # 1-5, arrived on the scene and immediately began pushing and shoving the Plaintiff.

17. The Defendant Police Officers, including POLICE OFFICER K. MEEHAN, POLICE OFFICER W. PIERCE, SGT. E. DONOHUE, and POLICE OFFICER "JOHN DOE" # 1-5, failed to properly assess the situation and failed to determine whether the Plaintiff, BRIAN GROSKI, had engaged in any criminal conduct or violated any section of the New York State Penal Law.

18. The Defendant Police Officers, including POLICE OFFICER K. MEEHAN and/or POLICE OFFICER W. PIERCE, and/or SGT. E. DONOHUE, and/or POLICE OFFICER

"JOHN DOE" # 1-5, grabbed hold of the Plaintiff, dragged him backwards, and threw him up against a nearby car.

19. Plaintiff, BRIAN GROSKI, was caused to suffer substantial pain and injury as a result of the actions of the Defendant Police Officers, including POLICE OFFICER K. MEEHAN and/or POLICE OFFICER W. PIERCE, and/or SGT. E. DONOHUE, and/or POLICE OFFICER "JOHN DOE" # 1-5.

20. The Defendant Police Officers, including POLICE OFFICER K. MEEHAN and/or POLICE OFFICER W. PIERCE, and/or SGT. E. DONOHUE, and/or POLICE OFFICER "JOHN DOE" # 1-5, placed the Plaintiff, BRIAN GROSKI, under arrest for Disorderly Conduct in violation of Penal Law § 240.20.

21. The Plaintiff, BRIAN GROSKI, did not commit a crime and did not violate any section of the Penal Law, including section 240.20 related to Disorderly Conduct.

22. The Criminal Complaint alleging Disorderly Conduct, and which was purportedly signed by POLICE OFFICER W. PIERCE, alleged that:

> ". . .the Defendant with the intent to cause public inconvenience, annoyance, and alarm, did intentionally engage in violent and tumultuous behavior by fighting outside of Pizza 54 with an unknown party. Said action by the Defendant did cause several on duty Police Officer to respond to the scene, and when told to leave by said Police Officers, the Defendant became combative and had to be placed into handcuffs." (See Exhibit A).

23. The Plaintiff, BRIAN GROSKI, did not engage in any physical violence outside of Pizza 54 and, therefore, did not "fight outside Pizza 54" as alleged in the criminal complaint.

24. The Plaintiff did not engage in any action with "intent to cause public inconvenience, annoyance, and alarm" as alleged in the criminal complaint.

25. The Plaintiff did not become combative with any Police Officer on the day of the

incident.

26. The Plaintiff was accosted and arrested by Police on the day of the incident without any probable cause whatsoever.

27. The allegations set forth in the criminal complaint alleging Disorderly Conduct, which were purportedly signed and sworn to, under oath, by POLICE OFFICER W. PIERCE, are fabrications and are untruthful.

28. At or about the same time that the Defendant Police Officers were grabbing and unlawfully accosting the Plaintiff, BRIAN GROSKI, and placing him under arrest, SGT. E. DONOHUE pushed the Plaintiff, ALISON GROSKI, aside and out of the small crowd of pedestrians.

29. After being pushed out of the crowd, ALISON GROSKI tried to explain to the officer what had transpired and that her husband was innocent of any wrongdoing.

30. The Defendant Police Officer, SGT. E. DONOHUE, told the Plaintiff, ALISON GROSKI, to "move away" a number of times. As the Defendant Police Officer, SGT. E. DONOHUE, was telling the Plaintiff, ALISON GROSKI to "move away", she continuously attempted to explain to the officer what had transpired and that her husband was innocent.

31. As the Plaintiff, ALISON GROSKI, was attempting to communicate what transpired to Defendant Police Officer SGT. E. DONOHUE, the Officer became visibly agitated and used force against the Plaintiff, ALISON GROSKI, by grabbing her, pushing her up against a nearby vehicle, and aggressively twisting her arm causing her body to violently slam to the floor.

32. SGT. E. DONOHUE placed handcuffs on the Plaintiff, ALISON GROSKI, in an unreasonably tight manner and did not loosen the handcuffs despite complaints of pain and requests to loosen the handcuffs.

33. The Plaintiff, ALISON GROSKI, was caused to suffer substantial pain and injury as a result of the actions of the SGT. E. DONOHUE.

34. The Defendant Police Officers, including POLICE OFFICER K. MEEHAN and/or POLICE OFFICER W. PIERCE, and/or SGT. E. DONOHUE, and/or POLICE OFFICER "JOHN DOE" # 1-5, placed the Plaintiff, ALISON GROSKI, under arrest for Resisting Arrest (PL § 205.30) and Disorderly Conduct (PL § 240.20).

35. The Criminal Complaint alleging Resisting Arrest, and which was purportedly signed by POLICE OFFICER K. MEEHAN, alleged that:

> "During said altercation the Defendant did intentionally resist the lawful arrest of her (co-defendant) by intentionally jumping on the back of [POLICE OFFICER W. PIERCE] who was placing her (co-defendant into custody)." (See Exhibit B).

36. The Plaintiff, ALISON GROSKI, did not jump on the back of POLICE OFFICER W. PIERCE or any other Police Officer.

37. The Plaintiff, ALISON GROSKI, did not attempt to resist the arrest of BRIAN GROSKI.

38. The Plaintiff, ALISON GROSKI, did not commit the crime of Resisting Arrest.

39. The allegations set forth in the criminal complaint alleging Resisting Arrest, which were purportedly signed and sworn to, under oath, by POLICE OFFICER K. MEEHAN, are fabrications and are untruthful.

40. The Criminal Complaint alleging Disorderly Conduct, and which was purportedly signed by POLICE OFFICER K. MEEHAN, alleged that:

> "The Defendant did knowingly and unlawfully engage in a fight on a public [street]. The Defendant engaged in this fight by shoving other participants in the fight with her hands." (See Exhibit C).

41. The Plaintiff, ALISON GROSKI, did not shove any person on the night of the incident.

42. The Plaintiff, ALISON GROSKI, did not commit the violation of Disorderly Conduct.

43. The allegations set forth in the criminal complaint alleging Disorderly Conduct, which were purportedly signed and sworn to, under oath, by POLICE OFFICER K. MEEHAN, are fabrications and are untruthful.

44. Both Plaintiff's were subjected to a prosecution by the Albany County District Attorney's Office.

45. On or about October 11, 2011, the criminal charge alleging Resisting Arrest as against the Plaintiff, ALISON GROSKI, was dismissed by the Court due to "facial insufficiency". Based on the facts and circumstances present in this case, the charge of Resisting Arrest was dismissed on the merits. After October 11, 2011, the only remaining charge as against ALISON GROSKI was Disorderly Conduct.

46. Both Plaintiffs' criminal cases began on March 13, 2011 and pended for 16 months.

47. Both Plaintiffs' criminal cases were jointly tried in a bench trial on July 17, 2012.

48. Both Plaintiffs' were acquitted of all charges on July 17, 2012. Therefore, as to both Plaintiffs, the charges of Disorderly Conduct were dismissed on the merits and resolved in favor of the Plaintiffs.

49. As a result of the foregoing, both Plaintiffs sustained, inter alia, pain, suffering, physical injury, psychological injury, loss of enjoyment of life, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, incurred monetary costs, and deprivation of his or her constitutional rights.

## FIRST CLAIM FOR RELIEF
## <u>DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983</u>

50. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through 49" with the same force and effect as if fully set forth herein.

51. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of law.

52. All of the aforementioned acts deprived plaintiffs ALISON GROSKI and BRIAN GROSKI of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America and in violation of 42 U.S.C. § 1983

53. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

54. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures and rules of the CITY OF ALBANY and City of Albany Police Department, all under the supervision of ranking officers of said department.

55. Defendants collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## <u>UNLAWFUL SEIZURE (OF PERSON) UNDER 42 U.S.C § 1983</u>

56. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "55" with the same force and effect as if fully set forth herein.

57. As a result of defendants' aforementioned conduct, plaintiffs ALISON GROSKI and BRIAN GROSKI were both subjected to an illegal, improper and unlawful seizure of their person without any probable cause, privilege, or consent.

58. That the seizure of the plaintiffs were objectively unreasonable and in violation of both of the plaintiff's constitutional rights.

59. As a result of the foregoing, both Plaintiffs sustained, inter alia, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, and deprivation of his and her constitutional rights.

### THIRD CLAIM FOR RELIEF
### FALSE ARREST UNDER 42 U.S.C § 1983

60. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "59" with the same force and effect as if fully set forth herein.

61. As a result of defendants' aforementioned conduct, both plaintiffs, ALISON GROSKI and BRIAN GROSKI, were subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, and incarcerated by the defendants without any probable cause, privilege or consent.

62. That the detention of the plaintiff by defendant was objectively unreasonable and in violation of both Plaintiffs' constitutional rights.

63. As a result of the foregoing, both Plaintiffs sustained, inter alia, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, and deprivation of their constitutional rights.

## FOURTH CLAIM FOR RELIEF
## <u>MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983</u>

64. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "63" with the same force and effect as if fully set forth herein.

65. All of the Defendants were directly and actively involved in the initiation of criminal proceedings against ALISON GROSKI and BRIAN GROSKI.

66. All of the Defendants lacked probable cause to initiate criminal proceedings against ALISON GROSKI and BRIAN GROSKI.

67. All of the Defendants acted with malice in initiating criminal proceedings against ALISON GROSKI and BRIAN GROSKI.

68. All of the Defendants were directly and actively involved in the continuation of criminal proceedings against ALISON GROSKI and BRIAN GROSKI.

69. All of the Defendants lacked probable cause to continue criminal proceedings against ALISON GROSKI and BRIAN GROSKI.

70. All of the Defendants acted with malice in continuing criminal proceedings against ALISON GROSKI and BRIAN GROSKI.

71. Notwithstanding the conduct of the Defendants, the criminal proceedings were terminated in ALISON GROSKI and BRIAN GROSKI's favor when all criminal charges against them were dismissed.

72. As a result of the foregoing, both plaintiffs sustained, <u>inter alia</u>, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, and deprivation of their constitutional rights.

## FIFTH CLAIM FOR RELIEF
## EXCESSIVE FORCE UNDER 42 U.S.C § 1983

73. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "72" with the same force and effect as if fully set forth herein.

74. That the level of force employed by defendants against Plaintiff, BRIAN GROSKI, including individual defendants POLICE OFFICER K. MEEHAN and/or POLICE OFFICER W. PIERCE, and/or SGT. E. DONOHUE, and/or POLICE OFFICER "JOHN DOE" # 1-5, was objectively unreasonable and in violation of Plaintiff, BRIAN GROSKI's, constitutional rights.

75. That the level of force employed by defendants against Plaintiff, ALISON GROSKI, including individual defendant SGT. E. DONOHUE, was objectively unreasonable and in violation of Plaintiff, ALISON GROSKI's, constitutional rights.

76. As a result of the foregoing, both plaintiffs suffered, inter alia, multiple bodily injuries as well as psychological injuries, pain, suffering, physical injury, loss of enjoyment of life, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, and damage to reputation.

## SIXTH CLAIM FOR RELIEF
## FIRST AMENDMENT VIOLATION UNDER 42 U.S.C § 1983

77. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "76" with the same force and effect as if fully set forth herein.

78. A citizen's right to freedom of speech is a well-established liberty safeguarded by the First Amendment of the United States Constitution.

79. Defendant, SGT. E. DONOHUE, deprived Plaintiff, ALISON GROSKI of her well-established right to Freedom of Speech under the First Amendment of the United States Constitution, as well as her right to be free from Excessive use of Force under the Eight

Amendment of the United States Constitution.

80. SGT. E. DONOHUE used Excessive Force against the Plaintiff in order to deprive Plaintiff of her First Amendment rights under the United States Constitution.

81. As a result of the foregoing, plaintiff sustained, inter alia, loss of enjoyment of life, loss of liberty, pain, suffering, physical injury, psychological injury, loss of enjoyment of life, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, incurred monetary costs, and deprivation of her constitutional rights.

## SEVENTH CLAIM FOR RELIEF
## FIRST AMENDMENT RETALIATION UNDER 42 U.S.C § 1983

82. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "81" with the same force and effect as if fully set forth herein.

83. A citizen's right to freedom of speech is a well-established liberty safeguarded by the First Amendment of the United States Constitution.

84. Defendant, SGT. E. DONOHUE, deprived Plaintiff, ALISON GROSKI, of her well-established right to Freedom of Speech under the First Amendment of the United States Constitution, as well as her right to be free from Excessive use of Force under the Eight Amendment of the United States Constitution.

85. The deprivation suffered by the Plaintiff, ALISON GROSKI, would likely deter First Amendment activity in the future.

86. SGT. E. DONOHUE used Excessive Force against the Plaintiff in order to deprive Plaintiff of her First Amendment rights under the United States Constitution.

87. The First Amendment activity of verbally communicating what transpired in the events, and expressing her husband's innocence, was a motivating factor in SGT. E. DONOHUE

decision to take retaliatory action against the Plaintiff, ALISON GROSKI.

88. SGT. E. DONOHUE retaliatory actions included using Excessive Force against the Plaintiff.

89. As a result of the foregoing, plaintiff sustained, inter alia, loss of enjoyment of life, loss of liberty, pain, suffering, physical injury, psychological injury, loss of enjoyment of life, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, incurred monetary costs, and deprivation of her constitutional rights.

## EIGHTH CLAIM FOR RELIEF
## MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983

90. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "89" with the same force and effect as if fully set forth herein.

91. All of the Defendants issued legal process to detain both of the plaintiffs and subject them to excessive force, false arrest, malicious prosecution, and to First Amendment violations.

92. All of the Defendants actions were designed to obtain a collateral objective outside the legitimate ends of the legal process.

93. Defendants acted with intent to do harm to ALISON GROSKI and BRIAN GROSKI without excuse or justification.

94. As a result of the foregoing, both plaintiffs sustained, inter alia, loss of enjoyment of life, loss of liberty, pain, suffering, physical injury, psychological injury, loss of enjoyment of life, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, incurred monetary costs, and deprivation of her constitutional rights.

## NINTH CLAIM FOR RELIEF
## CONSPIRACY TO VIOLATE CIVIL RIGHTS UNDER 42 U.S.C. § 1985

95. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "94" with the same force and effect as if fully set forth herein.

96. All of the aforementioned Defendants conspired to violate both of the Plaintiff's civil rights by agreeing among themselves to engage in the conduct set forth above, in violation of 42 U.S.C. § 1985, for which the defendants are individually liable.

## TENTH CLAIM FOR RELIEF
## MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

97. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "96" with the same force and effect as if fully set forth herein.

98. Defendants including THE CITY OF ALBANY, POLICE OFFICER K. MEEHAN and/or POLICE OFFICER W. PIERCE, and/or SGT. E. DONOHUE, and/or POLICE OFFICER "JOHN DOE" # 1-5, subjected both of the Plaintiffs, ALISON GROSKI and BRIAN GROSKI, to excessive force, false arrest, malicious prosecution, and also violated the First Amendment rights of Plaintiff, ALISON GROSKI.

99. The acts complained of were carried out by the aforementioned defendants in their capacities as police officers and officials with all the actual and/or apparent authority attendant thereto.

100.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of THE CITY OF ALBANY, all under the supervision of ranking officers of The City of Albany Police Department.

101.    The aforementioned customs, polices, usages, practices, procedures, and rules of

THE CITY OF ALBANY and the The City of Albany Police Department, include but are not limited to the following unconstitutional practices:

(a) Failing to train police officers in how to assess a situation to properly evaluate which party is the wrong-doer in order to prevent false and improper arrests;

(b) Failing to train police officers in various constitutionally protected rights, included rights protected under the First Amendment;

(c) Failing to properly train, in general;

(d) Failing to supervise police officers;

(e) Subjecting persons to violations of their constitutionally protected rights;

(f) Subjecting persons to the excessive use of force;

(g) Subjecting persons to malicious prosecution.

102. The existence of the aforesaid unconstitutional customs and policies may be inferred from the following:

(a) A lawsuit filed against POLICE OFFICER K. MEEHAN under Docket Number 1:08-cv-00357, alleging, *inter alia*, (1) denial of liberty under 42 U.S.C.1983; (2) excessive force under 42 U.S.C. 1983; (3) malicious prosecution under 42 U.S.C. 1983; (4) common law false arrest and imprisonment; (5) common law assault and battery; (6) and common law malicious prosecution. In or about January of 2011, this lawsuit was settled by the City of Albany for Thirty-Nine Thousand Dollars ($39,000.00).

(b) That despite the settlement in the aforementioned lawsuit against POLICE OFFICER K. MEEHAN, the Officer was not provided additional training or supervision by THE CITY OF ALBANY, or the City of Albany Police Department, to ensure that, in the future, excessive force or other civil rights violations do not occur.

(c) That in this case, POLICE OFFICER K. MEEHAN did not personally sign one or more of the Criminal Complaints filed with the Court, despite the fact that the documents are attested to under oath. In this case, the Criminal Complaints bare different signatures demonstrating falsification. (See Exhibit B and C).

(d) That in this case, the Criminal Complaints purportedly signed by POLICE OFFICER K. MEEHAN, contained fabricated information.

(e) That as a result of the fabrication of facts, and false signature on the Criminal Complaint, THE CITY OF ALBANY and the City of Albany Police Department has failed to reprimand POLICE OFFICER K. MEEHAN, or provide additional training, or supervision, to the Officer.

(f) That in this case, the Criminal Complaints signed by POLICE OFFICER W. PIERCE, contained fabricated information.

(g) That as a result of the fabrication of facts, on the Criminal Complaint, THE CITY OF ALBANY and the City of Albany Police Department has failed to reprimand POLICE OFFICER W. PIERCE, or provide additional training, or supervision, to the Officer.

103.    The foregoing customs, policies, usages, practices, procedures and rules of the THE CITY OF ALBANY and the City of Albany Police Department constituted a deliberate indifference to the safety, well-being, and constitutional rights of the Plaintiffs.

104.    The foregoing customs, policies, usages, practices, procedures and rules of the THE CITY OF ALBANY and the City of Albany Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

105.    Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers and were directly responsible for the violation of plaintiff's constitutional rights, for which THE CITY OF ALBANY is liable.

**DAMAGES AND RELIEF REQUESTED**

106.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "105" with the same force and effect as if fully set forth herein.

107.    All of the foregoing acts by defendants deprived ALISON GROSKI and BRIAN

GROSKI of federally protected rights, including, but not limited to, the right:

      A.  To be free from the Excessive Use of Force;

      B.  Not to be deprived of liberty without due process of law;

      C.  To be free from seizure and arrest not based upon probable cause;

      D.  To be free from unwarranted and malicious criminal prosecution;

      E.  To receive equal protection under the law;

      F.  To be secure in her (ALISON GROSKI's) First Amendment Rights.

108.   By reason of the aforesaid conduct by defendants, plaintiff ALISON GROSKI Is entitled to the sum of five million dollars ($5,000,000.00) in special and compensatory damages,  five million dollars ($5,000,000.00) in punitive damages, plus attorney's fees pursuant to 42 U.S.C. § 1988, as well as costs and disbursements of this action, and any further relief as the Court may find just and proper.

109.   By reason of the aforesaid conduct by defendants, plaintiff BRIAN GROSKI is entitled to the sum of five million dollars ($5,000,000.00) in special and compensatory damages, five million dollars ($5,000,000.00) in punitive damages, plus attorney's fees pursuant to 42 U.S.C. § 1988, as well as costs and disbursements of this action, and any further relief as the Court may find just and proper.

**WHEREFORE,** Plaintiff ALISON GROSKI demands that the Court enter a judgment in the sum of five million dollars ($5,000,000.00) in special and compensatory damages, five million dollars ($5,000,000.00) in punitive damages, plus attorney's fees, costs and disbursements of this action, and

**WHEREFORE,** Plaintiff BRIAN GROSKI demands that the Court enter a judgment in the sum of five million dollars ($5,000,000.00) in special and compensatory damages, five

million dollars ($5,000,000.00) in punitive damages, plus attorney's fees, costs and

disbursements of this action.

Dated:  New York, NY
         August 5, 2012

By:  _____
     BRYAN KONOSKI (302929)
     Treyvus & Konoski, P.C.
     *Attorney(s) for the Plaintiffs*
     305 Broadway, 14th Floor
     New York, NY 10007
     (212) 897-5832

# EXHIBIT A

STATE OF NEW YORK                                          COUNTY OF ALBANY
Albany City Court, Criminal Part                                    CITY OF ALBANY

THE PEOPLE OF THE STATE OF NEW YORK              ☐ INFORMATION
                                                 ☐ MISDEMEANOR COMPLAINT
    BRIAN D. GORSKI      D.O.B.   9/19/1976       ☐ FELONY COMPLAINT
                                                 ☐ ARMED FELONY
           UPON DIRECT KNOWLEDGE                    INC. #    11-088449

By the above checked complaint,    P.O. W. PIERCE
the Complainant,   Stationed At    APD/CSTA

accuses            BRIAN D. GORSKI of    23 IMPERIAL AV. COHOES, N.Y. 12047

the Defendant(s), of committing :    **1**    Count(s)

DISORDERLY CONDUCT, in violation of Section 240.20-1 of the Penal Law of the State of New York, a Violation in that the
defendant(s), on or about / between;

TIME:             1:39 AM
DATE:             3/13/2011
LOCATION:      N PEARL ST/PINE ST
in the City of Albany, County of Albany, State of New York, with intent to cause public inconvenience, annoyance or alarm, or
recklessly creating a risk thereof, he engages in fighting or in violent, tumultuous or threatening behavior.

TO WIT: .
ON 03/13/2011 AT APPROXIMATELY 0319HR WHILE AT N. PEARL ST/PINE ST IN THE CITY OF ALBANY THE DEFENDENT
WITH THE INTENT TO CAUSE PUBLIC INCONVENIENCE, ANNOYANCE AND ALARM DID INTENTIONALLY ENGAGE IN
VIOLENT AND TUMULTUOUS BEHAVIOR BY FIGHTING OUTSIDE OF PIZZA 54 WITH AN UNKNOWN PARTY. SAID ACTIONS
BY THE DEFENDANT DID CAUSE SEVERAL ON DUTY POLICE OFFICER TO RESPOND TO THE SCENE, AND WHEN TOLD
TO LEAVE BY SAID POLICE OFFICERS, THE DEFENDANT BECAME COMBATIVE AND HAD TO BE PLACED INTO
HANDCUFFS.

DEFENDANT COPY

RECEIVED
MAR 1 4 2011
ALBANY CITY COURT
CRIMINAL PART

THE SOURCES OF THE DEPONENT'S INFORMATION AND THE GROUNDS FOR HIS BELIEF ARE:

☑ Of my own knowledge and observations            ☐ My training in drug recognition and my experience as a police officer
☐ A criminal history check through the NYS DCJS   ☐ Field tests conducted
☐ A NYS DMV drivers license check inquiry         ☐ Admissions of the defendant
☐ Attached Supporting Depositions

AFFIRMED UNDER PENALTY OF PERJURY
this    13TH  day of    MARCH    .    2011
                OR
SUBSCRIBED AND SWORN TO BEFORE ME                 _____
this _____ day of _____, 20 _____         Complainant
                                                  FALSE STATEMENTS CONTAINED HEREIN ARE
                                                  PUNISHABLE AS A CLASS A MISDEMEANOR
                                                  PURSUANT TO SECTION 210.45 OF THE PENAL LAW
                                                  OF THE STATE OF NEW YORK.

_____
      Commissioner of Deeds                              APD Contro 73252

# EXHIBIT B

STATE OF NEW YORK                                          COUNTY OF ALBANY
ALBANY CITY COURT CRIMINAL PART                            CITY OF ALBANY

THE PEOPLE OF THE STATE OF NEW YORK          ☐ INFORMATION
                                             ☐ MISDEMEANOR COMPLAINT  RECEIVED
        - vs -                               ☐ FELONY COMPLAINT
    ALISON J. GROSKI    D.O.B.  8/21/1981    ☐ ARMED FELONY           JUL 07 2011
                                               INC. #   11-088449
        UPON DIRECT KNOWLEDGE                                         ALBANY CITY COURT
                                                                      CRIMINAL PART

By the above checked complaint,  P.O. K. MEEHAN

The Complainant,  Stationed At  APD/SSTA

accuses          ALISON J. GROSKI of  23 IMPERIAL AV. COHOES, N.Y. 12047

The Defendant(s), of committing :    1    Count(s)

RESISTING ARREST, in violation of Section 205.30 of the Penal Law of the State of New York, a Class A Misdemeanor in that
the defendant(s); on or about/ between;

TIME:              1:39 AM

DATE:              3/13/2011

LOCATION:    54 N PEARL ST

In the City of Albany, County of Albany, State of New York, he intentionally prevents or attempts to prevent a police officer or peace
officer from effecting an authorized arrest of himself or another person.

TO WIT:

ON 03/13/2011 AT APPROX 0139 HRS WHILE IN FRONT OF 54 N PEARL ST THE DEFENDANT DID KNOWINGLY AND
UNLAWFULLY ENGAGE IN A FIGHT ON A PUBLIC ST. THE DEFENDANT ENGAGED IN THIS FIGHT BY SHOVING OTHER
PARTICIPANTS IN THE FIGHT WITH HER HANDS. SAID ACTIONS DID CAUSE PUBLIC INCONVENIENCE ANNOYANCE AND
ALARM. THE DEFENDANT DURING SAID ALTERCATION WAS REPEATEDLY COMMANDED BY ON DUTY UNIFORMED
OFFICERS TO LEAVE THE AREA. THE DEFENDANT WAS THEN PHYSICALLY REMOVED FROM THE FIGHT BY ON DUTY
UNIFORMED POLICE OFFICERS. DURING SAID ALTERCATION THE DEFENDANT DID INTENTIONALLY RESIST THE LAWFUL
ARREST OF HER (CO-DEFENDANT) BY INTENTIONALLY JUMPING ON THE BACK OF OFFICER PIERCE WHO WAS PLACING
HER (CO-DEFENDANT INTO CUSTODY) THE DEFENDANT AFTER BEING REMOVED FROM PO PIERCE'S BACK DID
REPEATEDLY CHARGE AT THE ARRESTING OFFICER WHILE ATTEMPTING TO PUSH HER WAY THROUGH THE POLICE WHILE
STATING "LET MY HUSBAND GO YOU CANT FUCKING ARREST HIM" THE DEFENDANT DID THIS IN AN ATTEMPT TO PREVENT
HIS LAWFUL ARREST.

THE SOURCES OF THE DEPONENT'S INFORMATION AND THE GROUNDS FOR HIS BELIEF ARE:

Of my own knowledge and observations                ☐ My training in drug recognition and my experience as a police officer
A criminal history check through the NYS DCJS        ☐ Field tests conducted
A NYS DMV drivers license check inquiry              ☐ Admissions of the defendant
Attached Supporting Depositions

AFFIRMED UNDER PENALTY OF PERJURY

This    1ST    day of    JULY    ,    2011
                     OR

SUBSCRIBED AND SWORN TO BEFORE ME                   P.O. K. Meehan
                                                    _____
This    _____ day of _____ , 20 _____      Complainant

                                                    FALSE STATEMENTS CONTAINED HEREIN ARE
                                                    PUNISHABLE AS A CLASS A MISDEMEANOR
_____                     PURSUANT TO SECTION 210.45 OF THE PENAL LAW
        Commissioner of Deeds                       OF THE STATE OF NEW YORK.

                                                          APD Control #:  75741

STATE OF NEW YORK

ALBANY CITY COURT CRIMINAL PART

COUNTY OF ALBANY

CITY OF ALBANY

THE PEOPLE OF THE STATE OF NEW YORK

- vs -

ALISON J. GORSKI   D.O.B.   8/21/1981

UPON DIRECT KNOWLEDGE

☐ INFORMATION
☐ MISDEMEANOR COMPLAINT
☐ FELONY COMPLAINT
☐ ARMED FELONY
INC. #   11-088449

By the above checked complaint,   SGT. E. DONOHUE

the Complainant,   Stationed At   APD/SSTA

accuses   ALISON J. GORSKI of   23 IMPERIAL AV. COHOES, N.Y. 12047

the Defendant(s), of committing :   1   Count(s)

RESISTING ARREST, in violation of Section 205.30 of the Penal Law of the State of New York, a Class A Misdemeanor in that the defendant(s), on or about/ between;

TIME:   1:39 AM
DATE:   3/13/2011
LOCATION:   99 PINE ST. ALBANY, N.Y.

in the City of Albany, County of Albany, State of New York, he intentionally prevents or attempts to prevent a police officer or peace officer from effecting an authorized arrest of himself or another person.

TO WIT:

ON 03/13/2011 AT APPROX 0139 HRS WHILE IN FRONT OF 54 N PEARL ST THE DEFENDANT DID KNOWINGLY AND UNLAWFULLY ENGAGE IN A FIGHT ON A PUBLIC ST. THE DEFENDANT ENGAGED IN THIS FIGHT BY SHOVING OTHER PARTICIPANTS IN THE FIGHT WITH HER HANDS. SAID ACTIONS DID CAUSE PUBLIC INCONVENIENCE ANNOYANCE AND ALARM  THE DEFENDANT DURING SAID ALTERCATION WAS REPEATEDLY COMMANDED BY ON DUTY UNIFORMED OFFICERS TO LEAVE THE AREA. THE DEFENDANT WAS THEN PHYSICALLY REMOVED FROM THE FIGHT BY ON DUTY UNIFORMED POLICE OFFICERS. DURING SAID ALTERCATION THE DEFENDANT DID INTENTIONALLY RESIST THE LAWFUL ARREST OF HER (CO-DEFENDANT) BY INTENTIONALLY JUMPING ON THE BACK OF OFFICER PIERCE WHO WAS PLACING HER (CO-DEFENDANT INTO CUSTODY) THE DEFENDANT AFTER BEING REMOVED FROM PO PIERCE'S BACK DID REPEATEDLY CHARGE AT THE ARRESTING OFFICER WHILE ATTEMPTING TO PUSH HER WAY THROUGH THE POLICE WHILE STATING "LET MY HUSBAND GO YOU CANT FUCKING ARREST HIM" THE DEFENDANT DID THIS IN AN ATTEMPT TO PREVENT HIS LAWFUL ARREST.

RECEIVED

MAR 13 2011

ALBANY CITY COURT
CRIMINAL PART

THE SOURCES OF THE DEPONENT'S INFORMATION AND THE GROUNDS FOR HIS BELIEF ARE:

☐ Of my own knowledge and observations
☐ A criminal history check through the NYS DCJS
☐ A NYS DMV drivers license check inquiry
☐ Attached Supporting Depositions
☐ My training in drug recognition and my experience as a police officer
☐ Field tests conducted
☐ Admissions of the defendant

AFFIRMED UNDER PENALTY OF PERJURY

this   13TH   day of   MARCH   ,   2011
OR

SUSCRIBED AND SWORN TO BEFORE ME
this _____ day of _____, 20

P.O. K. Meeler
Complainant

FALSE STATEMENTS CONTAINED HEREIN ARE PUNISHABLE AS A CLASS A MISDEMEANOR PURSUANT TO SECTION 210.45 OF THE PENAL LAW OF THE STATE OF NEW YORK.

_____
Commissioner of Deeds

*APD Contro* 73251

# EXHIBIT C

TATE OF NEW YORK                                                          COUNTY OF ALBANY

LBANY CITY COURT CRIMINAL PART                                           CITY OF ALBANY

| THE PEOPLE OF THE STATE OF NEW YORK | ☐ INFORMATION |
| - vs - | ☐ MISDEMEANOR COMPLAINT |
| ALISON J. GORSKI      D.O.B.   8/21/1981 | ☐ FELONY COMPLAINT |
| | ☐ ARMED FELONY |
| UPON DIRECT KNOWLEDGE | INC. #    11-088449 |

the above checked complaint,     SGT. E. DONOHUE

e Complainant.   Stationed At   APD/SSTA

ccuses            ALISON J. GORSKI of    23 IMPERIAL AV. COHOES, N.Y. 12047

e Defendant(s), of committing :     1     Count(s)

SORDERLY CONDUCT, in violation of Section 240.20-1 of the Penal Law of the State of New York, a Violation in that the
efendant(s), on or about / between:

ME:                1:39 AM
ATE:               3/13/2011
OCATION:      99 PINE ST. ALBANY, N.Y.
the City of Albany, County of Albany, State of New York, with intent to cause public inconvenience, annoyance or alarm, or
cklessly creating a risk thereof, he engages in fighting or in violent, tumultuous or threatening behavior.

O WIT:
N 03/13/2011 AT APPROX 0139 HRS WHILE IN FRONT OF 54 N PEARL ST THE DEFENDANT DID KNOWINGLY AND
NLAWFULLY ENGAGE IN A FIGHT ON A PUBLIC ST. THE DEFENDANT ENGAGED IN THIS FIGHT BY SHOVING OTHER
ARTICIPANTS IN THE FIGHT WITH HER HANDS.  SAID ACTIONS DID CAUSE PUBLIC INCONVENIENCE ANNOYANCE AND
LARM. THE DEFENDANT DURING SAID ALTERCATION WAS REPEATEDLY COMMANDED BY ON DUTY UNIFORMED
FFICERS TO LEAVE THE AREA.  THE DEFENDANT WAS THEN PHYSICALLY REMOVED FROM THE FIGHT BY ON DUTY
NIFORMED POLICE OFFICERS.

## RECEIVED

MAR  3 2011

ALBANY CITY COURT
CRIMINAL PART

HE SOURCES OF THE DEPONENT'S INFORMATION AND THE GROUNDS FOR HIS BELIEF ARE:

☐ Of my own knowledge and observations          ☐ My training in drug recognition and my experience as a police officer
☐ A criminal history check through the NYS DCJS   ☐ Field tests conducted
☐ A NYS DMV drivers license check inquiry        ☐ Admissions of the defendant
☐ Attached Supporting Depositions

AFFIRMED UNDER PENALTY OF PERJURY

this    13TH   day of     MARCH        ,   2011
                    OR
SUSCRIBED AND SWORN TO BEFORE ME
this _____ day of _____ , 20 _____

_____
Commissioner of Deeds

P.O. K. Meehan
_____
Complainant

FALSE STATEMENTS CONTAINED HEREIN ARE
PUNISHABLE AS A CLASS A MISDEMEANOR
PURSUANT TO SECTION 210.45 OF THE PENAL LAW
OF THE STATE OF NEW YORK.

APD Contro 73253

STATE OF NEW YORK

ALBANY CITY COURT CRIMINAL PART

COUNTY OF ALBANY
CITY OF ALBANY

THE PEOPLE OF THE STATE OF NEW YORK

- vs -

ALISON J. GROSKI    D.O.B.   8/21/1981

UPON DIRECT KNOWLEDGE

☐ INFORMATION
☐ MISDEMEANOR COMPLAINT
☐ FELONY COMPLAINT
☐ ARMED FELONY
  INC. #   11-088449

JUL 07 2011

ALBANY CITY COURT
CRIMINAL PART

By the above checked complaint,   P.O. K. MEEHAN

the Complainant,   Stationed At   APD/SSTA

accuses   ALISON J. GROSKI of   23 IMPERIAL AV. COHOES, N.Y. 12047

the Defendant(s), of committing :   1   Count(s)

DISORDERLY CONDUCT, in violation of Section 240.20-1 of the Penal Law of the State of New York, a Violation in that the defendant(s), on or about / between:

TIME:        1:39 AM

DATE:        3/13/2011

LOCATION:    54 N PEARL ST

in the City of Albany, County of Albany, State of New York, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he engages in fighting or in violent, tumultuous or threatening behavior.

TO WIT:

ON 03/13/2011 AT APPROX 0139 HRS WHILE IN FRONT OF 54 N PEARL ST THE DEFENDANT DID KNOWINGLY AND UNLAWFULLY ENGAGE IN A FIGHT ON A PUBLIC ST. THE DEFENDANT ENGAGED IN THIS FIGHT BY SHOVING OTHER PARTICIPANTS IN THE FIGHT WITH HER HANDS. SAID ACTIONS DID CAUSE PUBLIC INCONVENIENCE ANNOYANCE AND ALARM. THE DEFENDANT DURING SAID ALTERCATION WAS REPEATEDLY COMMANDED BY ON DUTY UNIFORMED OFFICERS TO LEAVE THE AREA. THE DEFENDANT WAS THEN PHYSICALLY REMOVED FROM THE FIGHT BY ON DUTY UNIFORMED POLICE OFFICERS.

THE SOURCES OF THE DEPONENT'S INFORMATION AND THE GROUNDS FOR HIS BELIEF ARE:

Of my own knowledge and observations
A criminal history check through the NYS DCJS
A NYS DMV drivers license check inquiry
Attached Supporting Depositions

☐ My training in drug recognition and my experience as a police officer
☐ Field tests conducted
☐ Admissions of the defendant

AFFIRMED UNDER PENALTY OF PERJURY

is   1ST   day of   JULY   , 2011
OR

SUBSCRIBED AND SWORN TO BEFORE ME

is       day of       , 20

_____
Commissioner of Deeds

_____
Complainant

FALSE STATEMENTS CONTAINED HEREIN ARE PUNISHABLE AS A CLASS A MISDEMEANOR PURSUANT TO SECTION 210.45 OF THE PENAL LAW OF THE STATE OF NEW YORK.

APD Control #:   73253